LUCILE BIEBESHEIMER, Appellant, v. CARL BIEBESHEIMER, Appellee.

**DIVORCE:** Grounds—Cruelty—Evidence. The mere filing of a petition
1   for divorce in which no actual moral delinquency is charged against the defendant does not establish cruel and inhuman treatment.

**DIVORCE:** Grounds—Cruelty—Evidence. The act of a husband in ob-
2   taining an affidavit which tends to show indiscretions on the part of the wife with other male persons does not establish cruel and inhuman treatment, it appearing that the existence of the affidavit was not revealed until the trial.

Headnote 1: 19 C. J. p. 52. Headnote 2: 19 C. J. p. 46.

Headnote 1: 18 L. R. A. (N. S.) 311.

*Appeal from Hardin District Court.*—SHERWOOD A. CLOCK, Judge.

NOVEMBER 23, 1926.

Action for divorce. The trial court dismissed the plaintiff's petition, and she appeals.—*Affirmed.*

*F. J. McGreevy* and *J. M. Dower,* for appellant.

*John E. Stapleton* and *W. E. Wallace,* for appellee.

FAVILLE, J.—Appellant and appellee are young people. At the time of the trial, the appellant was 23 years of age. They were married in June, 1920, and have one child, a son, who was

1. DIVORCE: grounds: cruelty: evidence.

born June 22, 1922. The parties lived together until June, 1924. For some time after the marriage, they resided in Chicago, and, for a time, at Ackley, Iowa. In 1921, the appellee was employed in a bank at Marengo, and the parties lived at said place together until the separation. On March 18, 1925, the appellee filed a petition for divorce against the appellant in the district court of Iowa County, and procured a writ of attachment which was levied on certain real estate purporting to belong to the appellant. No final disposition appears to have been made of said case. On March 31, 1925, the appellant filed her petition in the instant case in the district court of Hardin County. The basis of appellant's claim for divorce is cruel and inhuman treatment. It will serve no useful purpose, either to the parties or to the profession, for us to enter upon an extensive review of the somewhat voluminous record in this case. The unhappy incidents in the lives of these young people from the time of their marriage to the date of the trial were passed in review before the trial court. The appellant is a delicate young woman, evidently of fine sensibilities. She is a college graduate, and is described as being vivacious. We take it from the record that the appellee is more of a phlegmatic temperament. The appellant did things in the community in which they lived, in a social way, in which the appellee evidently could not, and certainly did not, fully join or acquiesce. On the other hand, the appellee found associations that were not altogether pleasing to the appellant. Much is made in the evidence in regard to financial matters. The appellant seems to have received substantial help from parents and grandparents in donations of money and in the gift of a car. The appellee appears to have used some of the money in a way not pleasing to the appellant, and may have deceived her to some extent in regard to said matter. The appellant was fond of associates of her own age, or younger, and this was displeasing to the appellee. That she was guilty of indiscretion as a married woman and a mother may, in a measure, be attributed to the social tendencies of the times, rather than to any willful purpose upon her part to be indiscreet. There is no proof of immorality on her part, and the appellee distinctly disavows any intention to charge her with such. Much is made by the appellant of the fact of the appellee's having filed a petition for divorce in which

he charged the appellant with cruel and inhuman treatment, and alleged that the appellant has been "guilty of misconduct and deported herself in an improper manner as a wife and mother." In the light of all the facts and circumstances surrounding the case, the filing of this petition cannot be considered, in and of itself, as sufficient to constitute such cruel and inhuman treatment on the part of the appellee as to entitle the appellant to a divorce because thereof. The petition makes no charge of adultery, and, upon the witness stand, the appellee expressly disavows any intention of making any such charge, or any belief or claim that the appellant had been guilty of adultery. The case is not within the rule recognized in *Larson v. Larson* (Iowa), 196 N. W. 41 (not officially reported).

Much is made by the appellant of the fact that the attorney for the appellee procured an affidavit to be made by a young man in the town of Marengo regarding relations between him and the appellant. The affidavit shows indiscretions and familiarities by appellant with a schoolboy whom she was tutoring at the time. There is no claim that the appellee or his attorney made this affidavit public in any way until it was brought out upon the trial of this case by appellant's counsel. The procuring of this affidavit by the attorney for the appellee and the latter's knowledge of its existence, in view of the recitals in the affidavit and the testimony in the case, including that of the appellant herself, did not constitute such cruel and inhuman treatment as would justify the court in granting a divorce. We have repeatedly declared that incompatibility is not a ground for divorce in this state. We have recently had occasion to review our holdings on the question of cruel and inhuman treatment in *Hill v. Hill*, 201 Iowa 864, and it is unnecessary that we repeat the discussion therein set forth.

2. DIVORCE: grounds: cruelty: evidence.

These young people are the parents of a child which needs the care and attention of both of them, and they should not permit any of the things disclosed in this record to stand in the way of their carrying out their mutual obligations and fulfilling the marital vows to which they pledged themselves. We cannot by decree compel these young people to effectuate a reconciliation, but we can, and under this record we should, deny a divorce in this case. There is no proof of any such cruel and inhuman

treatment as to impair the health or endanger the life of the appellant. The trial court correctly ruled that no grounds for a divorce under our statute had been established under the record. The case being triable *de novo,* we have reviewed the entire record with great care, and are content to acquiesce in the conclusion of the trial court.

The decree appealed from, therefore, is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.